**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RATHBORNE LAND COMPANY, LLC** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 05-2452** |
| | * | |
| **ASCENT ENERGY INC., ET AL** | * | **SECTION "B"(3)** |

**OPINION ON PRE-JUDGMENT INTEREST**

Considering parties' post-trial briefs on pre-judgment interest and finding said briefs sufficient for resolution of that issue, without need of oral argument, the Court rules that Plaintiff Rathborne Land Company LLC ("Rathborne"), is entitled to pre-judgment interest on all monetary awards except the award for lost simple interest on seismic fees, where interest shall run from the date of judgment.

Ascent argues that a pre-judgment interest award is inconsistent with the Pre-Trial Order, evidence at trial and the Court's opinion after trial. Rathborne counters that it sought pre-judgment interest in its Second Amended Complaint (Rec. Doc. No. 147), and its Pre-Trial Memorandum (Rec. Doc. No. 179 at pg. 46 of 48). Both sides refer us to case and statutory authorities in support of their respective arguments.

Ascent's reliance on *Elvis Presley Enterprises v. Capece*, 141 F.3d 188 (5th Cir. 1998) and *Lindy Investments v. Shakertown Corp.*, 209 F.3d 802 (5th Cir. 2002) is misplaced. Those cases involved failures to assert separate and distinct claims for damages, i.e.

"accounting of profits" in *Capece* and "litigation related expenses" in *Lindy*. The latter cases are factually distinguishable from the case sub judice. While Ascent correctly points out that the words "pre-judgment interest" are not found in the Pre-Trial Order, Rathborne expressly pled for pre-judgment interest at least twice prior to trial. Ascent's surprise that an award could include the requested pre-judgment interest fails to show how it was unduly prejudiced by such an award. Just as pleadings can be amended by the Pre-Trial Order, so too can the Pre-Trial Order be considered amended or clarified by subsequent pleadings, e.g. Pre-Trial Memorandum, provided the opposing party has sufficient time to respond to the amendment and was not otherwise prejudiced by the amendment. There has been no waiver of the right to pre-judgment interest by Rathborne. As noted above, it timely and effectively pursued that right, a benefit it was entitled to by operation of law. FED. R. CIV. PROC. 54(c).

After considering factors of fairness and efficient administration of the trial, the issue of pre-judgment interest was properly, not perfectly, before the Court prior to the Pre-Trial Conference and afterwards, without any waiver of that issue. *Capece* and *Lindy* do not mandate a contrary result. The trial court's discretion, subject to above considerations, is still intact. *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.,* 767 F.2d 184 (5th Cir. 1985). Judgment will be issued in accordance

2

with this opinion and the opinion found at Record Document No. 245, which previously resolved Ascent's other objections re-asserted and rejected again here.

      New Orleans, Louisiana, this 20th day of May, 2009.

                                        IVAN L.R. LEMELLE
                              UNITED STATES DISTRICT JUDGE